# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DESHAUN STATEN**,

      Plaintiff,

v.                                        Case No. 21-CV-500

**LUCINDA BUCHANAN,** *et al.*,

      Defendants.

## ORDER

Plaintiff DeShaun Staten, who is incarcerated at Green Bay Correctional Institution and representing himself, filed a motion to waive the initial partial filing fee (ECF No. 8), a motion to pay for his certified six-month trust account statement out of his release account (ECF No. 11), and a motion to commence screening (ECF No. 14). This order resolves these motions.

**1. Motion to Waive the Initial Partial Filing Fee**

On May 21, 2021, the court assessed an initial partial filing fee of $0.93 that is due on or before June 21, 2021. (ECF No. 13.) Staten requests the court to allow him to proceed without paying the initial partial filing fee because his only income is the administrative confinement pay he receives every two weeks.

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. § 1914(a). It also requires a party filing a complaint to pay a $52 administrative fee. Judicial Conference of the United States District Court

Miscellaneous Fee Schedule Effective May 1, 2013, #14. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $52.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee followed by monthly installments until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. § 1915(b).

The court's assessment of the $0.93 initial partial filing fee was based on the certified copy of Staten's prisoner trust account statement for the six-month period immediately preceding the filing of the complaint. (ECF No. 13 at 2.) The statement showed that Staten had an average monthly deposit in the account of $4.67 and that the average monthly balance is $0.00. Twenty percent of $4.67 is $0.93, which is how the court determined that Staten must first pay an initial partial filing fee of $0.93 to proceed with his case. (*Id.*)

The court's review of Staten's trust account statement reveals that he is already paying filing fees for several other lawsuits. So, while he has regular deposits, his income is going toward paying those filing fees. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and

2

avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Based on his trust account statement, Staten has the means to pay the initial partial filing fee. The court must receive the initial partial filing fee of $0.93 by the end of the day on June 21, 2021. The court reminds Staten that if he does not have the funds available in his regular account to make the initial partial payment of $0.93, he may use funds from his release account. If the court does not receive the initial partial filing fee by the end of the day on June 21, 2021, it will dismiss this case without prejudice. If Staten does not want to pursue this lawsuit at this time, he does not need to take any further action.

**2. Motion to Pay for Trust Account Statement out of Release Account**

Staten also requests that the court grant him permission to pay for his trust account statement out of his release account. He states that, if the court does not allow this, he will be irreparably harmed because his case will be dismissed. The court received Staten's trust account on May 7, 2021. Staten filed his motion regarding the trust account on May 13, 2021. The court presumes that Staten was unaware that Green Bay Correctional Institution had sent his trust account statement to the court. Because the court has already received Staten's trust account statement, he no longer

3

faces the possibility of his case being dismissed for failure to provide a trust account statement. The court will deny this motion as moot.

### 3. Motion to Commence Screening

On June 11, 2021, Staten filed a motion requesting that the court expedite screening the complaint. (ECF No. 14.) Staten states that, once the complaint is screened and defendants have answered, he will be ready to file his motion and brief for summary judgment. (ECF No. 14 at 1.)

The court will not screen Staten's complaint until he has paid his initial partial filing fee. Once the court receives Staten's initial partial filing fee, it will screen Staten's complaint in a timely manner. As such, Staten's motion is denied. Also, the court cautions Staten that, if his claims survive screening, he must abide by the scheduling order the court will issue after the defendants answer the amended complaint. Discovery **should not be served until the court issues a scheduling order.**

**IT IS THEREFORE ORDERED** that Staten's motion to waive the initial partial filing fee (ECF No. 8) is **DENIED.** Staten must pay the initial partial filing fee of $0.93 by the end of the day **June 21, 2021**. If the court does not receive the initial partial filing fee by that date, it will dismiss this case without prejudice based Staten's failure to pay the initial partial filing fee. If Staten no longer wants to pursue this case, he does not need to take any further action.

**IT IS FURTHER ORDERED** that Staten's order to pay for his trust account statement out of his release account is **DENIED as moot**.

4

**IT IS FURTHER ORDERED** that Staten's motion to commence screening (ECF No. 14) is **DENIED**.

Dated in Milwaukee, Wisconsin this 14th day of June, 2021.

BY THE COURT

_William E. Duffin_

WILLIAM E. DUFFIN
United States Magistrate Judge